Supreme Court, New York, Special Term. Reported. N. Y. L. J. December 13, 1897.

In the Matter of the Petition of HENRY H. LYMAN to Revoke the Liquor Tax Certificate of THE YOUNG MEN'S COSMOPOLITAN CLUB.

STOVER, J.: This is an application to cancel a liquor tax certificate, and upon the evidence I think it must rest upon the fact, which it is claimed is shown, that the club as now conducted is not in good faith carrying out the purposes of its incorporation. The evidence shows that it is within the exception of the statute, that it was organized in good faith, and engaged in the traffic in liquor among its members on March 23, 1896. The club is conducted in an orderly manner, and as stated above, the only ground which can be urged with any plausibility is the one stated. The statute, I think, does not permit the court to go beyond the fact of the organization of the club as provided by the statute. A club legally organized, and which was engaged on the 23rd day of March, 1896, in trafficking or distributing liquors among its members, is entitled to continue, within the provisions of the law and is within the exception from clauses " a " and " b " of section 31. And when such a corporation continues to carry on the sale of liquor among its members, it is not within the power of the court, under the statute, to pass upon the good faith of the corporation in the exercise of the powers granted to it. This view, it seems to me, is strengthened by the fact that the Legislature has designated the class of corporations to which the law should apply, viz.: those organized under any law which, prior to May 6, 1895, was actually organized, and at such date trafficked in or distributed liquors among its members. If it had been intended to leave the question as to whether the corporation was in good faith carrying out the purposes of its incorporation to be passed upon by the court, no good reason can be assigned why a certain class of corporations, or corporations organized at one time more than another should be selected for the inquisition of the court. Under the former excise law, some discretion was vested in the granting of licenses in the excise board, and licenses might be refused to clubs, organizations or individuals, within certain discretionary lines, but it was the object of the Liquor Tax Law

to do away with this discretion, and to place all persons applying for a liquor tax certificate upon an equal plane, so that there should be no discrimination, but upon compliance with the law, all should be equally entitled to consideration. But it was discovered that there was a disposition to organize clubs for the sole purpose of trafficking in liquor under the Liquor Tax Law, and while they were ostensibly organized for other purposes, the actual and real object of the organization was the traffic of liquor. To remedy this, the Legislature said that all clubs which had been organized after the passage of the Liquor Tax Law should be within the prohibition of the law. And it was this class of clubs, and to remedy this evil, that the Legislature provided for the investigation by the court. And while it may be said that a club that "was organized prior to March 23, 1896, should no more be allowed to use its incorporation for purposes of evasion than one organized afterwards," yet that is a matter which appeals to the legislative discretion and not to the judicial. In order to come within the prohibition of the statute, the court must be able to find that the corporation was not organized in good faith, &c. The Legislature has limited the investigation to the question of the organization of such clubs as have been organized before the date fixed. It is not necessary here to determine whether the Legislature has power to authorize the court, upon a summary application, to deprive an association legally organized, of the right to sell liquor, for it seems to me that the Legislature has not given that power. Nor is it profitable to discuss here whether an action should be maintained by the Attorney General to forfeit the charter, because such an action is not before us. It may be within the power of the Legislature to permit an investigation as to whether a liquor tax certificate is being used in good faith or otherwise, without intruding upon the constitutional rights of the holder thereof; but until the Legislature has given the court the power to act in that particular, it ought not to undertake to exercise it. We are dealing with a purely statutory provision, and are not called upon to exercise any power beyond that conferred by the statute.